IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WAYMAN AUDRA GOODLEY | § | |
| v. | § | CIVIL ACTION NO. 6:09cv152 |
| | | (Crim. No. 6:05cr67) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Wayman Goodley, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Goodley was convicted in a jury trial of conspiracy to possess with intent to distribute 15 kilograms of cocaine, and use of a communications device in furtherance of this conspiracy. He received a sentence of life in prison. Goodley took a direct appeal, but his conviction was affirmed by the Fifth Circuit Court of Appeals. U.S. v. Swarn, et al., 254 Fed.Appx. 376 (5th Cir., November 16, 2007) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2007 WL 4013541), *cert. denied*, 128 S.Ct. 1919 (2008).

In his Section 2255 motion, Goodley contended that he received ineffective assistance of counsel at trial and appeal, the trial court abused its discretion during trial and sentencing, and the prosecutor committed misconduct. The Magistrate Judge ordered the Government to answer the motion, and an answer was filed, to which Goodley filed a response.

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be denied. Goodley filed objections to the Report on November 23, 2009.

1

In his objections, Goodley first takes issue with the Magistrate Judge's conclusion that he was not entrapped, saying that the informant had contacted him at the behest of the law enforcement agent, Downing, and that prior to this contact, he, Goodley, was not pre-disposed to get involved in the distribution of cocaine. However, the testifying co-defendant, Brown, stated that he and Goodley had discussions about selling cocaine long before being contacted by the informant. The Fifth Circuit held on direct appeal that Goodley was not a "reluctant participant" but rather a "keen participant" in the drug transaction. The mere fact that this transaction was initiated by a call from the informant to Goodley, rather than the other way around, does not show that Goodley was entrapped. His objection on this point is without merit.

Second, Goodley appears to say that there was insufficient evidence to support the charges against him because he never possessed any cocaine. The Magistrate Judge noted that Goodley had not been charged with possession, but with conspiracy to possess; Goodley dismisses this conclusion as "a play with words, as set forth in the indictment, in an attempt to forge a mis-interpretation of what the indictment charges."

As the Magistrate Judge correctly concluded, the indictment charged that Goodley entered into a conspiracy with his co-defendants, Brown and Swarn, to possess 15 kilograms of cocaine. No evidence of overt conduct or actual possession of any drugs is required to sustain a conspiracy charge. United States v. Ornelas-Rodriguez, 12 F.3d 1339, 1345 (5th Cir, 1994). Thus, while it is not disputed that Goodley did not actually possess any drugs, this has no bearing on the validity of the conspiracy charge. His objection on this point is without merit.

In a related point, Goodley argues that he "withdrew" from the conspiracy prior to the activities of June 24, 2005, when Brown and Swarn were arrested. The Magistrate Judge looked to the Fifth Circuit's decision in United States v. Torres, 114 F.3d 520, 525 (5th Cir. 1997), which held that a defendant is presumed to continue in a conspiracy unless he makes a "substantial affirmative showing" of withdrawal, abandonment, or defeat of the conspiratorial purpose, and that the defendant has the burden of proving affirmative acts inconsistent with the conspiracy, which are

communicated in a manner reasonably calculated to reach the co-conspirators. The Magistrate Judge stated that Goodley had made no such showing of withdrawal.

In his objections, Goodley says that there is a tape recording in which he "vehemently voices displeasure" over the informant's refusal to front him cocaine with no money, that "it is evident" that he abandoned all agreements made with the informant, and that the conspiratorial purpose was terminated when it became apparent that he had severed all communications with the informant. None of these items, even if true, show that Goodley had withdrawn from the conspiracy which he had entered with Brown and Swarn, which is the conspiracy for which he was convicted. His objection on this ground is without merit.

Next, Goodley complains that he was not allowed to testify in his own behalf. The Magistrate Judge noted that Goodley offered nothing but his own bare assertion that he wanted to testify, pointing to the fact that Goodley had filed a motion asking for new counsel which set out a number of complaints, but did not mention the failure to allow him to testify.

In his objections, Goodley points to a hearing which was held on March 23, 2006, well after the trial date, on the motion for new counsel. At this hearing, Goodley stated as follows:

> Okay. Say, for instance, like on the trial date I told Mr. Beale [counsel], I said, sir, I want to testify, I want to testify in my behalf. Mr. Beale told me I couldn't. He said that they would bring up my prior history, my prior history or whatever, my prior convictions or whatever. Mr. Baldwin [the prosecutor], before we even rested our case, I told him I wanted to get on the stand. He said – he told me in his words, he said you can use my judgment not to put you on the stand for ineffective assistance of counsel. That's his words.

Goodley's statement at the hearing, long after the trial was concluded, is not sufficient to show that in fact he wanted to testify but that counsel would not permit him to do so. Even if Goodley had made such a showing, however, the Magistrate Judge went on to say that he had failed to show harm. As the Magistrate Judge said, the Fifth Circuit has held that even when counsel errs by not allowing his client, the Section 2255 movant, to testify, the movant must still show that but for the alleged error, the result of the proceeding would probably have been different. United States v. Mullins, 315 F.3d 449, 453 (5th Cir. 2002). In this case, the Magistrate Judge properly concluded

3

that the likelihood that the jury would credit Goodley's testimony over that of the agent, and the evidence of the tapes, was not great enough to rise to the level of a reasonable probability. Goodley's objection on this point is without merit.

In a somewhat similar claim, Goodley complains of the introduction of his prior drug offenses, stating that because he was not charged with possession, the introduction of these offenses was highly prejudicial. As the Magistrate Judge said, the district court concluded that the prior offenses were admissible under Fifth Circuit case law saying that prior convictions may be offered into evidence to show "state of mind or intent necessary to commit the crime charged in the indictment" and whether the defendant had "acted according to a plan or in preparation for the commission of a crime." U.S. v. Saucedo-Munoz, 307 F.3d 344, 350 (5th Cir. 2002); *see also* U.S. v. Cardenas-Luna, 312 Fed.Appx 603 (5th Cir., February 23, 2009 (not selected for publication in the Federal Reporter) (available on WESTLAW at 2009 WL 464448). The fact that Goodley was convicted of conspiracy rather than possession does not affect this analysis. His objection on this point is without merit.

Next, Goodley says that he was not procedurally barred from raising the issue of abuse of discretion by the trial court, regarding the admission of his prior offenses, because his appellate counsel acted ineffectively by failing to raise the issue on direct appeal. The Magistrate Judge concluded that because the issue had not been raised on direct appeal, Goodley was barred from doing so in a Section 2255 motion. Because the prior admissions were admissible and so an appeal on this point lacked merit, there was no ineffective assistance of counsel in failing to raise the issue on appeal. Goodley's objection on this point is without merit.

Goodley goes on to say that the prosecutor acted unethically because the file "clearly showed" that Agent Downing and the informant had "gone beyond the legal limits of investigative authority" by "forming a conspiratorial agreement with petitioner, to provide cocaine." The record shows that law enforcement officials carried out a "reverse sting," which is an operation in which police officials act as the sellers of the illicit drugs. A reverse sting is not entrapment, nor is it

"outrageous conduct." United States v. Knight, 917 F.2d 1, 2-3 (5th Cir. 1990). Goodley has not shown that in conducting the reverse sting, the law enforcement officials formed a conspiracy with him or otherwise acted improperly, much less that the prosecutor should have been aware of any such improper conduct. His objection on this ground is without merit.

Finally, Goodley says that his claims of ineffective assistance of counsel are "supported by the record" and that had counsel acted differently, the result of the proceeding would probably have been different. The Magistrate Judge thoroughly and accurately discussed Goodley's ineffective assistance claims, and Goodley's objections on this point are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, including the motion to vacate sentence and attachments thereto, the answer filed by the Government, the Movant's response thereto, the trial records, the Report of the Magistrate Judge, and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Wayman Goodley is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 9th day of December, 2009.**

5

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE